IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 26-cv-05450-PAB

DANIEL FRIAS CARDENAS,

Petitioner,

v.

JUAN BALTAZAR, Warden of Aurora ICE Detention Center,
MARKWAYNE MULLIN, Secretary of DHS, and
DAVID VENTURELLA, Director of ICE,

Respondents.

---

**ORDER**

---

This matter comes before the Court on petitioner Daniel Frias Cardenas' Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Docket No. 1] and his Additional Request for Relief [Docket No. 6]. Respondents filed a response. Docket No. 7.

## I. BACKGROUND[1]

Petitioner is a native of Mexico. Docket No. 1 at 5. He entered the United States in 2003 without inspection, and his immigration proceedings are currently on appeal with the Board of Immigration Appeals. *Id.* at 5-6. Petitioner was taken into immigration custody on June 26, 2026, and he was never presented with a warrant of arrest or any

[1] The following facts are taken from the habeas petition. Docket No. 1. Respondents do not dispute any facts and do not provide any facts of their own. *See generally* Docket No. 7.

document concerning his arrest and detention. *Id.* Thus, petitioner asserts that he was arrested without a warrant. *Id.*

On October 23, 2026, petitioner filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. *See generally id.* Among other claims, petitioner challenges the legality of his warrantless arrest, asserting that his detention is governed by 8 U.S.C. § 1226(a). *Id.* at 5-6. For relief, petitioner requests that the Court order his immediate release. *Id.* at 10. On November 2, 2026, petitioner filed an Additional Request for Relief, explaining that Immigration and Customs Enforcement (“ICE”) has started “re-arrest[ing] immigrants leaving the Detention Center” once they are released on a court order. Docket No. 6 at 1. He “respectfully request to the Court to add to m[y] Petition for a Writ of Habeas Corpus an additional request for relief ordering to Respondents avoid to re-arrest to Petitioner once he is released from custody.” *Id.*

On November 6, 2026, respondents filed a response indicating that they “are not submitting a brief in opposition to the Petition,” and recognizing that if the Court grants the Petition, the appropriate relief is an “Order directing that Respondents, within seven days of this Court’s Order, release Petitioner from detention.” Docket No. 7 at 1-2 (citing *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026)).

## II. ANALYSIS

Section 1226(a) authorizes arrest and detention only “[o]n a warrant issued by the Attorney General.” 8 U.S.C. § 1226(a) (providing that a noncitizen may be arrested and detained only “[o]n a warrant issued by the Attorney General”); *see also Jennings v. Rodriguez*, 583 U.S. 281, 302 (2018) (“[Section 1226(a)] authorizes detention only ‘[o]n a warrant issued’ by the Attorney General leading to the alien’s arrest.”). The Department of Homeland Security regulations likewise permit immigration officers to

"arrest[] and take[] into custody" individuals suspected of violating the immigration laws after the officers have obtained a warrant and a Notice to Appear. *See* 8 C.F.R. §§ 236.1(b), 1236.1(b); *see also Ramirez Ovando v. Noem*, 810 F. Supp. 3d 1209, 1216 (D. Colo. 2025) (observing that ICE officers "possess extremely broad authority" to arrest individuals subject to removal proceedings after a warrant and NTA have issued), *appeal docketed sub nom. Ramirez Ovando v. Mullin*, No. 26-1027 (10th Cir. Jan. 26, 2026).

The "[i]ssuance of a warrant is a necessary condition to justify discretionary detention under section 1226(a). . . . As such, it follows that absent a warrant a noncitizen may not be arrested and detained under section 1226(a)." *Chogllo Chafla v. Scott*, 804 F. Supp. 3d 247, 264 (D. Me. 2025). "If the alien [detained under § 1226(a)] has not been arrested on a warrant, then the subsequent provisions giving the Attorney General discretion to detain or release 'the arrested alien' are likewise not triggered." *Florida v. United States*, 660 F. Supp. 3d 1239, 1276 (N.D. Fla. 2023); *see also Quezada-Estrada v. Lyons*, No. 26-cv-01599-NYW, 2026 WL 1361880 (D. Colo. May 15, 2026), at *5 ("Fundamentally, Respondents may not detain first, and justify later." (collecting cases)).

Without a warrant, the government's authority to make immigration arrests is "more limited." *Ramirez Ovando*, 810 F. Supp. 3d at 1216 (quoting *Arizona v. United States*, 567 U.S. 387, 408 (2012)). An immigration officer may make a warrantless arrest "if he has reason to believe" that a noncitizen is unlawfully present in the United States "and is likely to escape before a warrant can be obtained." 8 U.S.C. § 1357(a)(2). Courts have interpreted the "reason to believe" language as equivalent to

the constitutional probable cause standard and requiring a particularized finding of probable cause that the noncitizen is likely to escape. *See Ramirez Ovando*, 810 F. Supp. 3d at 1216-17 (citing *Roa-Rodriguez v. United States*, 410 F.2d 1206, 1209 (10th Cir. 1969)) (further citations omitted); *Escobar Molina v. U.S. Dep't of Homeland Sec.*, 811 F. Supp. 3d 1, 30–31 (D.D.C. 2025).

Petitioner alleges that he was not notified or presented with a warrant for his arrest, and thus, asserts that he was arrested without one. Docket No. 1 at 6-7. Respondents do not contest that petitioner was arrested without a warrant. *See generally* Docket No. 7. Therefore, due to respondents' failure to contest that petitioner was arrested without a warrant, the Court finds that petitioner was arrested without a warrant. Respondents have not provided any argument or set forth any evidence indicating that petitioner's warrantless arrest was proper under § 1357. *See generally* Docket No. 7. Therefore, they have waived any arguments in opposition. *Quezada-Estrada*, 2026 WL 1361880, at *6 (citing *Eateries, Inc. v. J.R. Simplot Co.*, 346 F.3d 1225, 1232 (10th Cir. 2003) ("A party forfeits an issue it does not support with legal authority or argument." (quotation omitted))).

The Court finds that respondents lacked statutory authority to arrest petitioner, and his detention is thus unlawful. The habeas application will be granted as to petitioner's claim that he was improperly arrested and detained without a warrant.[2] Respondents acknowledge that the appropriate relief would be an order directing them to release petitioner. Docket No. 7 at 2. Accordingly, the Court will order petitioner

[2] Because the Court will order petitioner's release on the basis of the warrantless arrest, it will not reach petitioner's other claims for relief.

released because "[r]elease is an appropriate habeas remedy where a petitioner's current detention lacks a 'lawful predicate.'" *Quezada-Estrada*, 2026 WL 1361880, at *6 (quoting *Ahmed M.*, 2026 WL 25627, at *3).

## III. CONCLUSION

Therefore, it is

**ORDERED** that petitioner Daniel Frias Cardenas Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Docket No. 1] is **GRANTED**. It is further

**ORDERED** that respondents shall release petitioner from custody within **48 hours** of the issuance of this order without imposing any conditions in excess of those already place prior to petitioner's arrest. It is further

**ORDERED** that the parties shall file a status report confirming that petitioner has been released from custody within **four days** of the issuance of this order.

DATED November 9, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge